May it please the court, my name is Vicky Dobrin and I represent the appellate, Ms. Ramirez. I'd like to reserve three minutes for rebuttal. In determining whether the district court in this case erred in granting summary judgment for the government, the court is confined to the reasons that the agency gave in denying Ms. Ramirez's application for adjustment of status. And it's well settled that a reviewing court cannot affirm an agency on grounds that the agency didn't rely. Yet that is exactly what the district court did in this case. It found that Ms. Ramirez was ineligible for adjustment of status under a provision that the agency did not rely on. That's 1182A9C. And so in looking at this case, the court should first examine the reasons that the agency gave for denying the application. And those reasons were the reinstatement bar under 1231A5 and the ground of inadmissibility under 1182A9A, little i. And we don't believe either provision applies because in this case, Ms. Ramirez was, although she was expeditiously removed and reentered unlawfully, she was later lawfully admitted in valid non-immigrant status. And that lawful admission essentially trumped her inadmissibility under really any of the unlawful. So your argument is about the V visa, right, is what you're saying? The V visa cured her inadmissibility? Yes. What language are you relying on there? Is there any case that's so held that? Not exactly, but there are cases that make clear that when a person obtains a lawful status within the United States, that can constitute a lawful admission. And so we believe that when she was granted a non-immigrant visa within the United States, she was essentially lawfully admitted. And so in looking at the statutory provisions, we believe that the last entry is what counts. And her last entry was a lawful admission. So that's basically based on logics rather than on any specific language or regulatory provision. Is that right, just the logic of it? The logic of it and also another argument that we've made is that just looking at the legislative intent, when Congress enacted the V visa, the whole purpose of the V visa was to allow this limited category of individuals, some of whom had prior immigration violations, to be able to come to the United States lawfully or adjust status lawfully within the United States so that they could later become lawful permanent residents. Counsel, what cases do you have that show that someone who had been excluded comes in on a V visa and is allowed to adjust? Are there any cases? I don't think there are any cases. I think this is a very unique case. I don't think the court is going to see a case like this again. So the government makes two arguments about the V visa, if I'm remembering correctly. One is it was issued in error because, in fact, she was inadmissible. And so it's not effective because it's erroneous. And second, the V visa is only supposed to be temporary until it is terminated by a failure to adjust. So do you want to address those arguments? Sure. The government is just simply incorrect in saying she was not eligible for the visa. She was substantively eligible. She had a petition pending on her behalf for the requisite amount of time. She was eligible. She had the familial relationship. And with regard to the grounds of inadmissibility, there is this extremely broad nonimmigrant waiver that's available to nonimmigrants, and it's available to V visa applicants. And we cited the regulations in the Foreign Affairs Manual that discuss the adjudication of an inadmissibility waiver for a V visa holder. Now, are those the ones? Because I know that you made an argument that she would have gotten a waiver under the old law, but then in Duran-Gonzalez we said, no, Perez-Gonzalez has been changed now because we rely on the BIA's new interpretation. So the argument you're just making now, is that in reliance on the old Perez-Gonzalez cases? No, Your Honor. That's actually an alternate argument, that in the event that she needs a waiver when she adjusts to lawful permanent residence, this alternate argument that she relied on prior case law. But in adjudicating her nonimmigrant visa, it's clear she's eligible. The only ground of inadmissibility that is not waivable under 212 or 1182-D3 is the security-related grounds under 1182-A3. And so she was and continued to be eligible for a nonimmigrant waiver to waive 1182-9C, assuming it applied, 1182-A9A if that applied, and 1182-A6C related to fraud. She could waive all of that. Okay, and so which provision are you referring to, the one that would allow her to waive the 1182-A9C? Because I think that's what the government's relying on primarily. Right, it's 1182-D3 or 212-D3 under the INA. It's the nonimmigrant waiver that's extremely broad. And the Foreign Affairs Manual that we cited discusses the adjudication of that nonimmigrant waiver for visa applicants. And it instructs officers not to grant the waiver unless they believe the person is going to later be eligible to adjust their status. And that's really the policy. Do you have to have a waiver in order to get a visa? If you're inadmissible, you do. And so to the extent that the agency believed Ms. Ramirez was inadmissible, it is presumed to have granted her a waiver because of the notion of administrative regularity. When she applied for the visa, did she submit an application for a waiver of inadmissibility? That's a big question in this case because we don't know. There's no record, is there? We don't know. The reason that counsel and I do not know is because we didn't represent her. And so when she applied for that visa, all we know, and the only thing in the record is that the agency issued a request for evidence and asked her to respond to information regarding the circumstances surrounding her expedited order. And so we know that they were on notice of this and they considered it, presumably, and then turned around and granted the visa. Whether she in fact filed a specific form, the record is unclear. And this is an issue that we raised to the district court in our briefing, that the district court granted summary judgment for the government in this case, and yet the government elected not to submit an entire administrative record. And we specifically asked that it be ordered to submit the record regarding the visa adjudication, and the district court just didn't respond to that. And in ruling on a summary judgment motion, the district court should have resolved any doubts in Ms. Ramirez's favor if it was going to grant the motion for the government. Instead, it looked at the facts most favorably to the government. Did you ask the government to produce the visa application file? Yes, we did. And when they produced it, it didn't contain an application for waiver of inadmissibility? The government didn't produce the file at all regarding the visa. It simply stated that in the administrative record, these sorts of applications are generally not included. But there was no basis for that. It's the same agency that adjudicated her application for adjustment of status, so presumably the government had access to it and indeed conceded that it had access to her visa file, but chose not to submit it. And so at the very least, that record should have been made before the district court, particularly on a summary judgment motion. So the government also argues that the visa is temporary, doesn't cure illegal entry, and it's terminated automatically after denial of the I-130. So in this case, it was terminated after it was determined she wasn't eligible for adjustment. That's true. And it's true, it's temporary. But as the Foreign Affairs Manual points out, an applicant for a nonimmigrant visa is a de facto applicant for an immigrant visa. I mean, it's really just like one step in front of becoming a permanent resident. The entire purpose of the nonimmigrant visa and the implementing regulations was to allow individuals in this exact situation to obtain a visa to wait in the United States lawfully with their spouse or parent or whomever they were claiming the relationship to be in this country lawfully until they could adjust their status. And so there would have been no point to grant her this visa for two two-year periods. She had it for four years, knowing full well that she had previously been ordered removed and had reentered if the agency was going to turn around and then deny her adjustment of status. And you're saying that under the law, it would have been available to someone who was an illegal reentry? Yes. By the plain language of the statute, yes, it was available. And the agency definitely considered the facts underlying her prior removal prior to adjudicating the visa application. The visa application? Yes, the visa application. Well, they say they asked for information, but they say that was an error. So I'm not sure that they adjudicated and reached a judgment. They just had the information. They had the information, but, you know, it's highly, I mean, the agency is presumed to have followed the rules in the procedures in adjudicating that visa. I mean, I can't think of a situation in which an agency, particularly CIS, would issue a request for evidence and then in error grant the visa when they're ‑‑ this isn't a situation where they weren't aware of these facts. It's not a situation where a no waiver existed. So the presumption is that they followed the applicable rules and granted the visa properly in this case. So what you're saying is that once they granted the visa, that that made her eligible then to become an immigrant? Yes, yes. And that's the entire, I mean, the whole spirit of life, the Life Act. But there's no regulation or case that says that. No, I mean, there is. I mean, we cited a case called Oktar that talked about whether a person would age out of visa eligibility, and the court discussed kind of the legislative intent of the visa and the fact that it would frustrate the purpose to grant someone a V visa and then later reseparate the family and deny continued V visa status, which would later lead to adjustment. Judge Okuda just pointed out, though, that the V visas are temporary, come to an end. Right. They come to an end, but the point is they come to an end when you adjust your status. Or when you don't adjust, then they're terminated. Right. But there's no contemplation that you will be denied adjustment of status based on information that was previously considered by the agency in adjudicating the V visa. There are very limited situations that they contemplate in which a V visa is ultimately, you know, the adjustment and the V visa are denied, such as if you become subject to new grounds of inadmissibility, you commit crimes or, you know, other sorts of fraud or subsequent immigration violations, then certainly it would make sense that your adjustment application would be denied. But in this case, we're talking about information that was clearly considered by the agency in approving her V visa. And so we believe that, you know, because this constitutes a lawful admission that she was lawfully here and not subject to reinstatement of her prior order. And the other ground that the agency relied on, 1182A9A, little i, similarly doesn't apply because as the government has conceded, she did not seek admission as a V visa applicant within five years of her expedited order. Do you want to save some time? I do. Thank you. Good morning, Your Honors. Reagan Hildebrand on behalf of federal defendants in this matter. Your Honors, the defendants request this court to uphold the district court's grant of summary judgment for three reasons. First, the district court properly found that the reinstatement of Barr applies in the instant matter and precludes Ms. Ramirez from seeking adjustment of status. Secondly, the district court properly found that Ms. Ramirez granted a V visa did not waive or cure her prior inadmissibility. And third, the defendants contend that Ms. Ramirez has abandoned her Duran-Gonzalez claim on appeal before this court. As to the first part, Your Honors, the reinstatement bar, the district court properly found that the reinstatement bar at 8 U.S.C. section 1231A5 applied here. In making its analysis, the district court focused on two statutory provisions, 1182A9C12, the inadmissibility bar, and then the reinstatement bar at 8 U.S.C. section 1231A5. 1182A9C12 says that an alien is inadmissible if they were previously removed through expedited removal and subsequently reenters the United States. Let me just ask you, because opposing counsel said it was an error for the district court to rely on that because that was not the basis the agency gave. Is that right? No, Your Honor. With all due respect, the agency, the CIS, when it denied Ms. Ramirez's applications, her adjustment of status application, her 212 application, and her 601 application, it did so on the same date. And as such, the denial is going to be considered impar immaterial. Now, it should be noted that when U.S.CIS denied Ms. Ramirez's 212 application, it was explicitly focusing on Duran Gonzalez. Duran Gonzalez dealt with the application of a waiver for inadmissibility grounds under 1182A9C12. Had the agency not been considering that particular inadmissibility ground, there would have been no reason for it to focus on Duran Gonzalez. But because it did so, and because the applications were denied conjunctively on that one date, the agency certainly considered 1182A9C12 in finding Ms. Ramirez inadmissible under that ground. So it didn't cite it, but it cited Duran Gonzalez. It did not specifically cite to 1182A9C12, but in finding, it focused on 1182A9C and then discussed the applicability of Duran Gonzalez. Which is the document that reflects that? That would be the 212 application, Your Honor. 212. Do you have it? I believe it's in pages 47 to 48 of the defendant's excerpts of the record. Okay. Oh, here it is. What was it, 48? 47 to 48. I got 48. I guess I'm missing 47. I just see on 48 the denied stamp. Let me look at it. Maybe I got the wrong one. It's on page 47, Your Honor, it says the notice of the decision where it mentions denied. 48. Is this the August 22, 2008? Yes, Your Honor, August 22, 2008. If you're on page 48 of the defendant's excerpts of the record, it would be starting the second paragraph where they mention 212A9, 1189A9, and then they look at the fourth paragraph, begin discussing the applicability of Duran Gonzalez. Got it. All right.  The district court properly found, Your Honor, that the reinstatement bar at 8 U.S.C. section 1231A5 also applies here and precludes Ms. Ramirez from adjusting status. The plain language of that statute says, quote, that an alien is not eligible and may not apply for any relief under the chapter. End quote. This court in Padilla found that the term any relief is a broad one and precludes adjustment of status applications. Ms. Ramirez suggests that the regulations exempt the visa applicants from the reinstatement bar, but HCFR section 241.8 only exempts two types of adjustment applications from the reinstatement bar. Those brought for under NACARA, the Nicaraguan Adjustment and Central American Relief Act, and those brought under HIFRA, the Haitian Refugee Immigrant Fairness Act of 1998. This court in Padilla had underscored that had Congress intended that the reinstatement bar would not apply to all adjustment of status applications, it would not have expressively excluded its applications just to those two types. So as such, the regulations do not exempt application of the reinstatement bar for a normal adjustment of status like Ms. Ramirez. Well, how about the V visa, though, curing the inadmissibility? I think that's the theory. And then she would be entitled to the adjustment of status because the V visa is an intervening fact. It doesn't, Your Honor. As the district court properly found, a V visa does not implicitly cure a waiver of inadmissibility. This court in Lee-Hal Nguyen underscored that the issuance of a visa does not mean that an alien has been lawfully admitted to the United States. Subsequently, in Monet, this court found that even though a visa grant may procedurally comport with the process, if the grant is not substantively proper, there is no lawful admission. And defendants contend that's exactly what happened here. Why was it not substantively proper? In order to obtain a V visa, an alien like Ms. Ramirez, who is applying for one inside the United States, must establish her admissibility. And where does it say that? I have it here, Your Honor, just one second. That's 8 CFR section 214.15 subsection F. That the alien who is inside the United States applying like Ms. Ramirez must establish admissibility. Now CIS, when examining this, can deny a V visa based upon all inadmissibility grounds but for three. The first at 1182A6A, the second at 1182A7, and the third at 1182A9B. Here Ms. Ramirez was found inadmissible in part under 1182A9C. The regulations bar CIS from applying 1182A9B but not A9C. Because of her inadmissibility under 1182A9C12, she could not substantively establish her eligibility for a V visa, but for CIS's error in granting her that visa in 2004 and in 2006. The idea, Your Honor, is that a V visa implicitly cures a prior waiver of admissibility, essentially contradicts the regulations and makes them irrelevant. The regulations are specific that an alien who has been found inadmissible must expressly apply for a waiver of inadmissibility. The statutory code also reflects this at both 8 USC section 1182D3 and 8 USC 1182D32, where they continually emphasize that the alien has to establish this. So if a V visa weren't implicitly granted, you would essentially be nullifying the very purpose of placing the burden on the alien to establish her eligibility. Counsel, you were asked to produce the administrative record and you didn't do it. Any reason for that? Your Honor, when this case was originally filed, CIS does as it normally does. It goes through all of its resources and compiles the record before the agency at the time when it adjudicates her applications. The record presented before the district court and before this court today is the complete record that the agency had. When Ms. Ramirez raised her allegation that the defendants had inadvertently failed to include the V visa materials, I asked my contact at CIS to again reexamine their sources to see if the agency had any materials regarding the V visa application. They again went through all of their sources, contacted the service centers, contacted Lease Summit where materials are kept in storage. They found nothing. Even though the State Department is not a party to this litigation, I also asked CIS to contact the Department of State to see if perhaps inadvertently Ms. Ramirez's materials had been sent to the State Department because they were V visa materials that may have been done in error. The State Department checked their materials. They contacted the National Visa Processing Center in Vermont. They found no new materials. It would have been futile for the district court to order that the defendants supplement the record when there were no documents there to supplement. Now, lacking the record, I think that we assume that the agency conducted itself lawfully and properly. There is that assumption, Your Honor, and there's also when considering a motion for... So then we would assume that a waiver was granted at the time the V visa was issued. No, Your Honor. The district court correctly pointed out that, as he said, quote, if Ms. Ramirez had indeed applied for and been granted a waiver for previous grounds of inadmissibility, some proof or claim of it would show up in her papers or file, end quote. And there's no proof in the record that she ever applied for an inadmissibility waiver, but substantial evidence does show evidence in that record that contradicts her claim. As the district court pointed out, Ms. Ramirez filed a letter with CIS in July of 2007 where she had noted she had filed other applications for immigration relief. She pointed to her I-130. She pointed to her V visa applications. But at no time in that letter did she ever mention that she had ever applied for a 212 waiver or 601 relief. Would it be implicit in asking for the V visa that that would have been included? No, Your Honor. The alien has the burden to show that there's been a waiver of inadmissibility filed. That's very clear. There's no presumption that an alien has been given a waiver of inadmissibility. Well, how did she even get the V visa then? From what I gather. She has to presume that she must have. The agency just granted it? The agency granted it in error, Your Honor. It's unfortunate. I mean, Ms. Ramirez is trying now to stop the government from rectifying an error that it made. Do we know that they made an error? The record's blank. They might very well have granted the waiver. Based on the law, Your Honor, there is no way that CIS could have implicitly given her a waiver because, as this Court has asked, is there any case law which says that granting a V visa implicitly waives an admissibility? There is none. But in the Monet case, this Court underscored that even if a grant was procedurally proper, as it was here, if a grant of a visa was not substantively proper, that does not waive an admissibility and make it individually lawfully present in the United States. Let me ask you this. Had she applied for a waiver of inadmissibility, could the government at least theoretically have granted one? Was there a legal basis to grant her that sort of waiver?  Not based upon Duran-Gonzalez, Your Honor. Ms. Ramirez was found inadmissible under 1182A9C12. That inadmissibility ground has a lifetime bar unless the alien can establish a waiver of inadmissibility under 1182A9C2. In Duran-Gonzalez, which is the binding law of this circuit, the Ninth Circuit found that an alien, and to establish her eligibility for such a waiver, must remain outside the United States for 10 years after the last date of departure. Ms. Ramirez hasn't. She was ordered removed in January of 1999, which was her last date of departure, yet she admits that she entered the United States unlawfully one week thereafter. So the government actually didn't have authority to waive her inadmissibility when it processed the V visa? Is that what you're saying? Not based upon Duran-Gonzalez, no. Because she had unlawfully reentered thereafter.  2007, I believe, Your Honor. When did she get the V visa? She first obtained it in 2004 when Perez-Gonzalez was the law before the circuit, but at the same time Perez-Gonzalez was under active reconsideration at the time. And I believe, I would double check, I believe CIA set a policy of holding applications as Perez-Gonzalez was being pushed through the circuit. But nonetheless, she was granted a V visa? She was granted a V visa in error, Your Honor. You know, Duran-Gonzalez is an odd case in that it seems to rely on what they said was new Supreme Court law, which doesn't seem to be new Supreme Court law at all. It was just a statement that you gave Chevron deference to the decision or the interpretation of the agency. And that was always the law. So I'm wondering what the validity of Duran is. Your Honor, Duran is the binding law of the circuit. Well, it's kind of odd. Duran said that Perez, which was the law of the circuit, wasn't controlling. Now, if in fact that's not correct, we have certainly the authority to say that Perez is the ruling law. I mean, we've got two cases there. Just because Duran says we trump Perez, that doesn't necessarily mean it's so, because it did not go in bank. With all due respect, Your Honor, on April 2nd, 2010, the Ninth Circuit decided Morales-Escobedo. And in that case, this Court held that the Court's decision in Duran-Gonzalez applies to all cases currently on direct review, and that's at 600 F. 1376 at 1092. Based upon Morales-Escobedo, Duran-Gonzalez is the binding law of this circuit, and it does apply to Ms. Ramirez's case. Let me ask you one other. Let's just assume for a minute that the government did properly issue a V-Visa, granted her a waiver. As Judge Ikuda pointed out, though, these V-Visas were temporary, right? They are temporary. That's correct, Your Honor. Now, when it was granted, did that mean that she was entitled to get an immigrant visa? No, Your Honor. She would have to apply for adjustment of status to obtain the visa. And, again, it's the government's contention that any grant of the V-Visa in 2004 and 2005 was an error because it was not substantively proper. Well, let's just assume that it was okay. I mean, let's just assume. And so she still has to apply for her visa, her immigrant visa. That's correct. Could the government just still nonetheless deny it? I mean, even though they had properly granted a V-Visa? They could say, oh, well, now we realize that, you know, we realize now that there was a mistake had been made. Your Honor, she would still have to apply for a waiver of inadmissibility. It's very clear that the burden is on the alien to establish that she has been granted a waiver of such inadmissibility. To find that granting a V-Visa implicitly waives one, as I noted, would contradict the code and the statutes that places the burden on the alien to establish her eligibility for a waiver of inadmissibility. So we have here a situation where this woman has four children, I guess all U.S. citizens, two still minors, and we're going to send her off to Mexico. Is that right? That, Your Honor, the district court judge pointed out that Ms. Ramirez is a very sympathetic plaintiff, and it's unfortunate. But as he noted, the law stands for the supposition that the grant of a V-Visa does not implicitly waive one's inadmissibility under the Immigration and Nationality Act, that the alien has the burden to do that. There is no proof that Ms. Ramirez ever sought such a waiver, and more importantly, she could not obtain one based upon this court's law because she unlawfully reentered the United States one week after being barred for five years from the United States. Is she in removal proceedings? As far as I know, Your Honor, no. No, she's not. If the court has no further questions, as I'm over time, I will submit. Thank you. Thank you, Your Honor. Let's see, I think you had a minute and a half. I just wanted to respond to a few points. As this court pointed out, when she was granted her V-Visa in late August 2004, Perez-Gonzalez was the law in the Ninth Circuit. So the fact that Duran came out three years later doesn't mean that she was unlawfully granted a V-Visa and presumed to have been granted a waiver in 2004. What do you do about this 8 CFR 214.15-F, which says the alien must be admissible? Are you saying she was admissible or that? No, we're saying that you have to either be admissible, or if you're not, you have to be eligible for a waiver of inadmissibility. I think the government has conceded that there is a waiver of inadmissibility. And are you saying she applied for a waiver of inadmissibility? We don't know positively because we submitted everything that she had. She was represented by another attorney who didn't keep a good record of the file, and apparently the government has lost the V-Visa file entirely. You don't have in your files or in the other lawyers' files, you don't have any record that she applied for a waiver? We don't have any record beyond what we submitted. That doesn't mean she didn't apply for one, but we don't. And so I think just one last point, this is a summary judgment issue. I mean, was summary judgment proper in this case where the government was in the best position to know how the agency adjudicated the V-Visa? Any doubt should not have been resolved in the government's favor. So what's the factual dispute that required? I mean, so you're saying that you were entitled to judgment. Did you cross-move for summary judgment? We moved for summary judgment, and the government did a cross-motion. You're not claiming there's a tribal issue of fact, are you? Well, I mean, possibly because if this case hinges on the legality of the grant of the V-Visa, then the government is in the only position to know how its agency adjudicated the Visa. Even if Ms. Ramirez were to come forward with a copy of a waiver application, that wouldn't resolve the issue because it's unclear how the agency adjudicated that. Without having that file, and it appears that the file has been maybe destroyed by the agency, then this presumption of regularity really should apply. I guess I'm out of time. Thank you. Thank you. Okay. Thank you. We appreciate your arguments in this nice and easy and complicated INS case. I guess it's a CSS case. Well, it's changed. Thank you. We'll recess until tomorrow. All rise.
judges: Fletcher B. , Paez, Ikuta